UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ERIC PRINCE HOLTON,

        Plaintiff,

v.                                        Case No. 07-C-0402

STATE OF WISCONSIN,
WISCONSIN DEPARTMENT OF CORRECTIONS,
WISCONSIN BOARD OF PRISON COMMISSIONERS,
J.B. VAN HOLLEN, MATTHEW J. FRANK,
JIM DOYLE, JOHN BETT, CATHERINE J. FARREY,
CAPTAIN SCHOLKE, SHEBOYGAN COUNTY,
JOHN DOE 1, Dentist at Dodge Correctional Institution, and
JOHN DOE 2, Dental Administrator at Dodge Correctional Institution,

        Defendants.

## DECISION AND ORDER

Plaintiff, Eric Prince Holton, filed this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 and is proceeding *in forma pauperis*. This matter comes before the court on the defendants' motion to stay and the plaintiff's motion for leave to file additional case law.

The defendants have moved to stay discovery in this action pending resolution of the motion to dismiss they filed on October 11, 2007. As grounds for their request, the defendants state that, if granted, their motion to dismiss will dispose of the entire action. In response, the plaintiff contends that the defendants seek to stay discovery because they do not want to respond to his discovery requests.

The court notes that the defendants have moved to dismiss the complaint for the following reasons: (1) the plaintiff failed to exhaust his administrative remedies;

and (2) the plaintiff has not complied with the Wisconsin notice of claim statute, Wis. Stat. § 893.92. This court has discretion under Federal Rule of Civil Procedure 26(c) and (d) to limit the scope of discovery or to order that discovery be conducted in a particular sequence. Exhaustion is a condition precedent to suit, *Dixon v. Page*, 291 F.3d 485, 488 (7th Cir. 2002) (citing *Perez v. Wis. Dep't of Corrections*, 182 F.3d 532, 535 (7th Cir. 1999)) and, therefore, any discovery concerning the merits of the plaintiff's claims is arguably premature prior to resolution of the defendants' motion. *See Sprague v. Brook*, 149 F.R.D. 575 (N.D. Ill. 1993) (discovery stayed pending resolution of motion to dismiss, where requested discovery would not help resolve the motion). And, inasmuch as compliance with the notice of claim statute is a threshold issue that may warrant dismissal of the complaint, this court may limit the scope of discovery. *See Todd v. Merrell Dow Pharm., Inc.*, 942 F.2d 1173, 1178 (7th Cir. 1991) ("[l]imiting discovery to a threshold issue is proper in a case that may be resolved upon summary judgment"). Therefore, the defendants' motion to stay discovery pending resolution of their motion to dismiss will be granted.

Next, the plaintiff has requested leave to file additional case law opposing the defendants' motion to dismiss. Specifically, he would like to include in his response to the defendants' motion several cases that support his position that he was not required to comply with Wis. Stat. § 893.92. Although the plaintiff has offered no explanation as to why these citations were not included in his original response, the issue of whether he was required to comply with the notice of claim statute could affect the resolution of the defendants' motion. Moreover, the defendants have not

indicated that they oppose the plaintiff's request.  For these reasons, the plaintiff's motion for leave to file additional case law will be granted.

Accordingly,

**IT IS ORDERED** that the defendants' motion to stay discovery pending resolution of their motion to dismiss (Docket #37) is **GRANTED.**

**IT IS FURTHER ORDERED** that discovery in this action is **STAYED** pending resolution of the defendants' motion to dismiss.

**IT IS FURTHER ORDERED** that the plaintiff's motion for leave to file additional case law (Docket #42) is **GRANTED.**

Dated at Milwaukee, Wisconsin, this 22nd day of January, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge