UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ERIC PRINCE HOLTON,

        Plaintiff,

v.                                                            Case No. 07-C-0402

STATE OF WISCONSIN,
WISCONSIN DEPARTMENT OF CORRECTIONS,
WISCONSIN BOARD OF PRISON COMMISSIONERS,
J.B. VAN HOLLEN, MATTHEW J. FRANK,
JAMES E. DOYLE, JR., JOHN BETT, CATHERINE J. FARREY,
CAPTAIN SCHOLKE, SHEBOYGAN COUNTY,
JOHN DOE 1, Dentist at Dodge Correctional Institution, and
JOHN DOE 2, Dental Administrator at Dodge Correctional Institution,

        Defendants.

## DECISION AND ORDER

Plaintiff, Eric Prince Holton, a state prisoner, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 and is proceeding *in forma pauperis* on various claims. Currently pending is the defendants' motion to dismiss.

### I. BACKGROUND

On May 2, 2007, the plaintiff filed a civil rights action against defendants John Bett, Captain Scholke, Warden Catherine J. Farrey and John Does 1 to 5. The court screened the complaint and permitted the plaintiff to proceed on the following claims: (1) the defendants denied him adequate dental care; (2) defendant Bett failed to train medical and dental staff; and (3) defendant Bett enforced a policy of limiting the dental treatment available to inmates at Dodge Correctional Institution (DCI).

The plaintiff subsequently filed a motion to amend the complaint, which was granted in part and denied in part. Specifically, the court determined that the plaintiff could proceed on the following claims: (1) defendants Bett, Farrey, Scholke and John Does 1 and 2 were deliberately indifferent to his serious dental needs; (2) defendant Bett made and enforced a policy that limited the dental treatment available to DCI inmates; and (3) a state law *respondeat superior* claim against defendants Doyle, Van Hollen, Frank, the State of Wisconsin, the Wisconsin Board of Prison Commissioners, Sheboygan County and the Wisconsin Department of Corrections (DOC). However, the court dismissed John Does 3, 4 and 5 for lack of personal involvement as well as the plaintiff's § 1983 claims against defendants Doyle, Van Hollen, Frank, the State of Wisconsin, the Wisconsin Board of Prison Commissioners, Sheboygan County and the DOC. The defendants filed a motion to dismiss on October 11, 2007, which is now fully briefed and ready for resolution.

## II. PRELIMINARY MATTERS

Ordinarily, in ruling on a motion to dismiss, the court may not consider matters outside the pleadings. *Albany Bank & Trust Co. v. Exxon Mobil Corp.*, 310 F.3d 969, 971 (7th Cir. 2002). Thus, if the court receives and does not exclude such materials, it must convert the motion to one for summary judgment under Fed.R.Civ.P. 56. Fed.R.Civ.P. 12(b). However, the court may take judicial notice of matters of public record in deciding a motion to dismiss without converting it to a motion for summary judgment. *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

In the present case, the defendants seeks to introduce prison grievances that the plaintiff filed under the Inmate Complaint Review System (ICRS). Because these documents are public records, the court may take judicial notice of and consider them in deciding the motion to dismiss. *Henson*, 29 F.3d at 284; *see also Almond v. LeSatz*, 2006 U.S. Dist. LEXIS 80102 (W.D. Wis. Oct. 29, 2006)("documentation of plaintiff's use of the [prison] grievance procedure" are public record for purposes of motion to dismiss).

### III. MOTION TO DISMISS STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted. *See* Fed.R.Civ.P. 12(b)(6). To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a short and plain statement of the claim showing that he is entitled to relief. *Erickson v. Pardus*, 127 S. Ct. 2197, *8 (U.S. June 4, 2007)(citing *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (U.S. May 21, 2007)). It is not necessary for the plaintiff to plead specific facts, and his statement need only "give the defendant fair notice of what the...claim is and the grounds upon which it rests." *Bell Atlantic Corp.*, 127 S. Ct. at 1964 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

For the purposes of a motion to dismiss, the facts in the complaint are assumed to be true. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 504, 508 n.1 (2002); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). However, the plaintiff is obligated to provide more than labels and conclusions and a "formulaic recitation of the elements

3

of a cause of action's elements will not do[.]" *Bell Atlantic Corp.*, 127 S. Ct. at 1964. Rather, the complaint allegations "must be enough to raise a right to relief above the speculative level[.]" *Id.*

## IV. COMPLAINT AVERMENTS

At all times relevant, the plaintiff was incarcerated at DCI, Sheboygan County Jail and New Lisbon Correctional Institution (NLCI). However, the plaintiff currently resides at Green Bay Correctional Institution.

The complaint names various state officials, prison administrators and jail employees as defendants. James Doyle is the Governor of Wisconsin. J.B. Van Hollen is the Wisconsin Attorney General. Matthew J. Frank is the Secretary of the Wisconsin Department of Corrections (DOC). John Bett is the DCI Warden. Captain Scholke is a Captain at the Sheboygan County Jail. Catherine J. Farrey is the Warden of NLCI. John Doe # 1 is a DCI dentist. John Doe # 2 is the Dental Administrator at DCI. The complaint also names the State of Wisconsin, the Wisconsin Board of Prison Commissioners, Sheboygan County, and the DOC as defendants.

On July 24, 2005, while housed at DCI, the plaintiff submitted a dental services request form to the dental department, complaining that his dentures were broken, several of his teeth were missing, and his lips, tongue and gums were exposed to metal wire and sharp, jagged edges. The DCI dentist (John Doe # 1) responded to the plaintiff's request, stating that because DCI only performed

extractions, the plaintiff would have to wait until he arrived at the next prison to get his dentures repaired.

In September 2005, the plaintiff was transferred to the Sheboygan County Jail, where he submitted a medical request complaining that his mouth was bleeding and he was experiencing discomfort from his dentures. Defendant Scholke responded to the plaintiff's request on September 26, 2005, and stated that his dental problems would be taken care of at the next prison.

The plaintiff was transferred to NLCI on or around October 12, 2005. Upon his arrival at NLCI, the plaintiff made his medical and dental problems known to staff. However, the plaintiff was not seen by a dentist until November 2005, when he was treated by Dr. Marinac. Dr. Marinac informed the plaintiff that she needed to order special material from an outside source to fix his dentures.

In November 2005, Dr. Marinac told the plaintiff that it would take at least one week for the material to arrive. However, more than three weeks passed before the plaintiff was notified that Dr. Marinac was no longer employed at NLCI and his dentures would have to be sent to an outside contractor for repair. The plaintiff's bottom denture was finally repaired in February, 2006. The plaintiff's top denture was repaired at GBCI in July 2007.

## V. ANALYSIS

The defendants assert two defenses in support of their motion to dismiss. First, they contend that the plaintiff's state law claims should be dismissed because he failed to comply with Wisconsin's notice of claim statute, Wis. Stat. § 893.82.

5

Second, the defendants aver that the plaintiff failed to exhaust his administrative remedies as to his constitutional claims.

**1. State Law Claims**

The plaintiff was allowed to proceed on a *respondeat superior* claim against defendants Doyle, Van Hollen, Frank, the State of Wisconsin, the Wisconsin Board of Prison Commissioners, Sheboygan County, and the DOC. Such claims are recognized under Wisconsin law. *See, e.g., Warr v. QPS, Inc.*, 728 N.W.2d 39, 43 (Wis. Ct. App. 2007) ("an employer can be held vicariously liable for negligent acts of its employees while they are acting in the scope of their employment.") (quoting *Murray v. Travelers Ins. Co.*, 601 N.W. 2d 661 (Wis. 1999)). Further, the supplemental jurisdiction statute, 28 U.S.C. § 1367, permits federal courts to exercise jurisdiction over an action containing federal and state claims where these claims are so related as to form part of the same case or controversy. *See Estate of Thurman v. City of Milwaukee*, 197 F. Supp. 2d 1141, 1151 (E.D. Wis. 2002).

Even so, it is undisputed that the plaintiff failed to file a notice of his state law claim against any defendant. The plaintiff argues that he is not required to file a notice of claim under 42 U.S.C. § 1983. Although he is correct on this point, *see Ledford v. Circuit Court*, 599 N.W.2d 45, 49 (Wis. Ct. App. 1999), the plaintiff is not proceeding on any § 1983 claims against defendants Doyle, Van Hollen, Frank, the State of Wisconsin, Wisconsin Board of Prison Commissioners, Sheboygan County, and DOC.

6
Case 2:07-cv-00402-JPS   Filed 04/16/08   Page 6 of 14   Document 50

Section 893.82 sets forth the strict requirements that a plaintiff must follow when giving notice of an injury. A complaint that does not demonstrate compliance with § 893.82 Wis. Stat. fails to state a claim upon which relief can be granted. *Yotvat v. Roth*, 290 N.W.2d 524, 527 (Wis. Ct. App. 1980). In this case, the plaintiff failed to serve any notice of claim on the Attorney General's office as mandated by the statute. The plaintiff's noncompliance is fatal to his state law claims. *Weinberger v. Wisconsin*, 105 F.3d 1182, 1188 (7th Cir. 1997). Accordingly, the plaintiff's state law claims against defendants Doyle, Van Hollen, Frank, the State of Wisconsin, the Wisconsin Board of Prison Commissioners, Sheboygan County, and the DOC will be dismissed.

**2. Constitutional Claims**

The defendants assert that the plaintiff failed to exhaust his administrative remedies. The Prison Litigation Reform Act of 1995 (PLRA), Pub. L. 104-134, 110 Stat. 1321 (1996), provides that:

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997(e)a.

Exhaustion of administrative remedies is a condition precedent to suit. *Dixon v. Page*, 291 F.3d 485, 488 (7th Cir. 2002) (citing *Perez v. Wis. Dep't of Corrs.*, 182 F.3d 532, 535 (7th Cir. 1999)). Section 1997e applies to "all inmate suits, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

The Inmate Complaint Review System (ICRS) within the Wisconsin prisons is the administrative remedy available to Wisconsin inmates with complaints about prison conditions or the actions of prison officials. Wis. Admin. Code § DOC 310.01(2)(a). The Wisconsin Administrative Code provides that before an inmate may commence a civil action, the inmate shall exhaust all administrative remedies that the Department of Corrections has promulgated by rule. Wis. Admin. Code § DOC 310.05. The ICRS is available for inmates to "raise significant issues regarding rules, living conditions, staff actions affecting institution environment, and civil rights complaints." Wis. Admin. Code § DOC 310.08(1).

The PLRA exhaustion requirement requires "proper exhaustion," meaning that a prisoner must complete the administrative review process in accordance with the applicable procedural rules. *See Woodford v. Ngo*, 126 S. Ct. 2378, 2382 (2006) (holding that prisoner does not satisfy exhaustion requirement by filing untimely or otherwise procedurally defective administrative grievances or appeals). In Wisconsin, an inmate must file a complaint with the ICE within fourteen days after the occurrence giving rise to the complaint. Wis. Admin. Code §§ DOC 310.07(1) and 310.09(6). After reviewing and acknowledging each complaint in writing, the ICE either rejects the complaint or sends a recommendation to the "appropriate reviewing authority." Wis. Admin. Code §§ DOC 310.11(2) and 310.11(11).

An inmate may appeal a rejected complaint within 10 days only to the appropriate reviewing authority who shall only review the basis for the rejection of

the complaint. Wis. Admin. Code § DOC 310.11(6). The reviewing authority's decision is final. *Id.*

In the event that a complaint is not rejected, the appropriate reviewing authority makes a decision within ten days following receipt of recommendation. Wis. Admin. Code § DOC 310.12(1). A complainant dissatisfied with a reviewing authority decision may appeal that decision by filing a written request for review with the CCE within ten days after the date of the decision. Wis. Admin. Code § DOC 310.13(1). The CCE then reviews the appeal and makes a recommendation to the Secretary of the Department of Corrections. Wis. Admin. Code § DOC 310.13(6). The Secretary may accept, adopt, or reject the CCE's recommendation, or return the appeal to the CCE for further investigation. Wis. Admin. Code § DOC 310.14(2).

Here, the plaintiff filed four complaints concerning his medical and dental care. NLCI-2005-33758, NLCI-2005-33760 and NLCI-2006-18 were filed while he was incarcerated at NCLI. GBCI 2007-10239, was filed while the plaintiff was incarcerated at GBCI. The court will address each complaint in turn.

### A. Complaints NLCI-2005-33758, NLCI-2005-33760 and NLCI-2006-18

In Inmate Complaints NLCI-2005-33758, NLCI-2005-33760 and NLCI-2006-18 the plaintiff asserted that he was denied adequate medical and dental care. The defendants assert that because District Judge John C. Shabaz has already determined that these three complaints are unexhausted, *see Holton v. Scholke*, No. 06-C-190-S (W.D. Wis), these claims are barred under the doctrine of res judicata, or claim preclusion.

Claim preclusion refers to the "preclusive effect of a judgment foreclosing litigation of matters that were or could have been litigated in an earlier suit." *LaSalle Nat'l Bank of Chicago*, 586 F.2d at 930. Because the plaintiff brought the earlier case in federal court, the federal rules of claim preclusion apply. *See Conner v. Reinhard*, 847 F.2d 384, 394 (7th Cir. 1998)(citing *In re Energy Coop., Inc.*, 814 F.2d 1226, 1230 (7th Cir. 1987)). For the doctrine to apply, three elements must exist: (1) an identity of the parties or their privies; (2) an identity of the causes of action; and (3) a final judgment on the merits. *In re Energy Coop.*, 814 F.2d at 1230. In addition, claim preclusion bars not only the issues that were actually litigated but also bars any issues which could have been raised in the prior lawsuit. *Shaver v. F.W. Woolworth Co.*, 840 F.2d 1361, 1364.

In his previous civil rights action, *Holton v. Scholke*, the plaintiff sued the DOC, the Wisconsin Board of Prison Commissioners, the State of Wisconsin, Captain Scholke, T.H. Williams, Dr. Heinzl, and several John Does. He alleged that he was denied medical and dental treatment while he was incarcerated at DCI, NLCI and the Sheboygan County Jail. At summary judgment, Judge Shabaz determined that the plaintiff's claims should be dismissed because he failed to exhaust his administrative remedies as to Inmate Complaints NLCI-2005-33758, NLCI-2005-33760 and NLCI-2006-18.

Review of *Holton v. Scholke* and the present action reveals that the requirements for res judicata have not been satisfied. First, the defendants have not demonstrated that there is an identity of the causes of action, which exists where

10
Case 2:07-cv-00402-JPS   Filed 04/16/08   Page 10 of 14   Document 50

there is a "single core of operative facts giving rise to a remedy." *People Who Care v. Rockford Bd. of Ed.*, 68 F.3d 172, 177 (7th Cir. 1995). In the present case, the documents that the defendants have submitted in support of their argument do not establish that the facts alleged in this case were also at issue in the plaintiff's previous case. For example, the defendants have not provided the court with a copy of the complaint filed in *Holton v. Scholke* to compare the bases of the claims in each action.

Next, the defendants have not shown that there is an identity of parties. Although the DOC, the Wisconsin Board of Prison Commissioners, the State of Wisconsin, and Captain Scholke were parties in *Holton v. Scholke*, the remaining defendants, John Bett, Catherine Farrey, Sheboygan County and John Does 1 and 2 were not. And, the defendants do not claim that the interests of the defendants in *Holton v. Scholke* are so closely aligned with those of John Bett, Catherine Farrey, Sheboygan County and John Does 1 and 2 so as to establish that they were virtually represented in the plaintiff's previous case. *See People Who Care*, 68 F.3d at 177 ("Under the doctrine of virtual representation, a person may be bound by a judgment even though not a party if one of the parties to the suit is so closely aligned with his interests as to be his virtual representative."). Based on this, the court declines to dismiss NLCI-2005-33758, NLCI-2005-33760 and NLCI-2006-18 as barred under the doctrine of res judicata.

Next, the defendants argue that the plaintiff failed to exhaust his administrative remedies as to Inmate Complaints NLCI-2005-33758 and NLCI-2005-33760

because he did not file an appeal. They further assert that Inmate Complaint NLCI-2006-18 was not exhausted because it was rejected as moot. Review of the case file reveals that the defendants do not support their claims with sufficiently detailed evidence. Specifically, the summary attached to Tom Gozinske's affidavit does not set forth the disposition of each complaint. Moreover, the defendants have not provided the court with copies of the inmate complaints. For these reasons, it is unclear whether the plaintiff took all the necessary steps to exhaust Inmate Complaints NLCI-2005-33758, NLCI-2005-33760 and NLCI-2006-18. Inasmuch as it is the defendants' burden to plead and prove exhaustion, *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002), and there is a genuine issue of material fact as to whether the plaintiff exhausted the above-mentioned inmate complaints, the court declines to dismiss the claims contained therein as unexhausted.

**B.    Inmate Complaint GBCI 2007-10239**

In Inmate Complaint Number GBCI-2007-10239, the plaintiff asserted that he had been denied adequate dental care since 2005. On April 23, 2007, the complaint was rejected as untimely. The plaintiff appealed to the reviewing authority, who also found that the complaint was untimely.

The plaintiff argues that his untimely inmate complaint does not preclude him from exhausting his administrative remedies. However, the plaintiff is required to file inmate complaints and appeals in the time and manner set forth in the Wisconsin Administrative Code. *See Riccardo v. Rausch*, 375 F.3d 521, 253 (7th Cir. 2004) ("Prisoners must follow state rules about the time and content of grievances."). In

other words, he must "proper[ly] exhaust" his administrative remedies. *Woodford*, 126 S. Ct. at 2382. "When the prisoner causes the unavailability of the grievance process by simply not filing a grievance when in a timely manner, the process is not unavailable but rather forfeited." *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Thus, the plaintiff failed to exhaust Inmate Complaint Number GBCI-2007-10239.

In sum, the defendants' motion to dismiss will be granted in part and denied in part. Specifically, the plaintiff's state law claims and his claims contained in Inmate Complaint GBCI-2007-10239 will be dismissed. Additionally, defendants Doyle, Van Hollen, Frank, the State of Wisconsin, the Wisconsin Board of Prison Commissioners, Sheboygan County, and the DOC are dismissed. However, the plaintiff's § 1983 claims as set forth in Inmate Complaints NLCI-2005-33758, NLCI-2005-33760 and NLCI-2006-18 survive.

## VI. FINAL MATTERS

On January 22, 2008, the plaintiff filed a motion to compel the defendants to produce the discovery he requested in September and October 2007. However, that same day, the court stayed discovery in this case pending resolution of the defendants' motion to dismiss. Therefore, the plaintiff's motion to compel will be denied as moot.

The plaintiff has also asked for an extension of time in which to file dispositive motions because the defendants failed to respond to his discovery requests. As discussed, *supra*, discovery was stayed pending resolution of the defendants' motion. Inasmuch as the court has resolved the defendants' motion, and the plaintiff

is proceeding on his Eighth Amendment and policy claims against defendants Bett, Scholke, Farrey, and John Does 1 and 2, his motion for an extension of time will be granted. The parties are advised that an amended scheduling order is forthcoming.

**IT IS THEREFORE ORDERED** that the defendants' motion to dismiss (Docket #37) is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that the plaintiff's state law claims are **DISMISSED.**

**IT IS ORDERED** that defendants James E. Doyle, Jr., J.B. Van Hollen, Matthew Frank, the State of Wisconsin, the Wisconsin Board of Prison Commissioners, Sheboygan County, and the Wisconsin Department of Corrections are **DISMISSED.**

**IT IS ORDERED** that the plaintiff's motion to compel (Docket #44) is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that the plaintiff's motion for extension of time (Docket #44) is **GRANTED.**

Dated at Milwaukee, Wisconsin, this 16th day of April, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge