# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ERIC PRINCE HOLTON,

      Plaintiff,

  v.                                      Case No. 07-CV-402

CATHY JESS, CAPTAIN SCHOLKE,
CATHERINE J. FARREY, JOHN SCHETTLE,
and BARBARA A. DE LAP,

      Defendants.

## DECISION AND ORDER

Plaintiff Eric Prince Holton filed this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 and was allowed to proceed *in forma pauperis* on Eighth Amendment claims regarding medical care, Department of Corrections and prison policies, and the adequacy of dental staffing at New Lisbon Correctional Institution (NLCI). In a decision and order dated March 12, 2009, the court granted the defendants' motions for summary judgment on all of the plaintiff's claims. The plaintiff then filed a motion to alter judgment and motion to amend/correct caption, both of which were denied on June 2, 2009. The plaintiff filed a notice of appeal on June 16, 2009, and he has now filed a motion for leave to appeal *in forma pauperis*, which will be addressed herein.

Under the Prison Litigation Reform Act of 1996 (PLRA), Pub. L. 104-134, Title VIII, 110 Stat. 1332, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis*,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). When determining whether a prisoner has acquired three "strikes" under § 1915(g), courts must consider prisoner actions dismissed on any of the three enumerated grounds both before and after the enactment of the PLRA. *Evans v. Ill. Dep't of Corrs.*, 150 F.3d 810, 811 (7th Cir. 1998).

It is for the court granting or denying leave to proceed *in forma pauperis* to determine whether a prisoner has accumulated three strikes under § 1915(g). *Gleash v. Yuswak*, 308 f.3d 758, 761-61 (7th Cir. 2002). Review of the plaintiff's litigation history reveals that he has accumulated the following "strikes": (1) *Walker v. E.K. McDaniel, et al.*, Case No. 01-C-0121 (D. Nev.), dismissed December 18, 2001, for failure to state a claim; (2) *Walker v. E.K. McDaniel, et al.*, Case No. 05-C-248 (D. Nev.), dismissed December 14, 2005, for failure to state a claim; and (3) *Holton v. Captain Jaeger, et al.*, Case No. 07-C-0241 (W.D. Wis.), dismissed May 15, 2007, for failure to state a claim. The plaintiff does not allege in his notice of appeal that he is under imminent danger of serious physical injury.

2

Because the plaintiff has previously filed at least three actions which were dismissed as frivolous, malicious, or for failure to state a claim, the court will deny his motion for leave to proceed *in forma pauperis* on appeal.

However, the plaintiff incurred the filing fee by filing the notice of appeal. *Newlin v. Helman*, 123 F.3d 429, 433-34 (7th Cir. 1997), rev'd on other grounds by, *Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000) and *Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000). The fact that this court is denying the request to proceed *in forma pauperis* on appeal means that the full filing fee of $455.00 is due within 14 days of this order. *Id.*; Seventh Circuit Rule 3(b). Failure to pay in full within the time limits will result in a dismissal. *Newlin*, 123 F.3d at 434.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion for leave to appeal *in forma pauperis* (Docket #132) is **DENIED**.

**IT IS FURTHER ORDERED** that by **August 3, 2009**, the plaintiff shall forward to the Clerk of Court the sum of $455.00 as the full filing fee in this appeal. The plaintiff's failure to comply with this order will result in dismissal of this appeal. The payment shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that copies of this order be sent to the warden of the institution where the plaintiff is confined, to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison,

3

Wisconsin 53707-7857, and to PLRA Attorney, United States Court of Appeals for the Seventh Circuit, 219 S. Dearborn Street, Rm. 2722, Chicago, Illinois 60604.

Dated at Milwaukee, Wisconsin, this 20th day of July, 2009.

BY THE COURT:

/s/ J.P. Stadtmueller
J.P. Stadtmueller
U.S. District Judge