UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ERIC PRINCE HOLTON,

        Plaintiff,

v.                                                      Case No. 07-CV-402

CATHY JESS, CAPTAIN SCHOLKE,
CATHERINE J. FARREY, JOHN SCHETTLE,
and BARBARA A. DE LAP,

        Defendants.

## ORDER

    Plaintiff Eric Prince Holton filed this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. In a decision and order dated March 12, 2009, the court granted the defendants' motions for summary judgment on all of the plaintiff's claims; judgment was entered the same day. Thereafter, plaintiff filed a motion to alter or amend judgment, which was denied on June 2, 2009. The plaintiff filed a Notice of Appeal, which was docketed as Case No. 09-2537; however, when this court denied the plaintiff's motion for leave to appeal *in forma pauperis*, the Seventh Circuit Court of Appeals dismissed the plaintiff's appeal for failure to pay the required docketing fee. The plaintiff has now filed a motion for relief from judgment in this court, pursuant to Federal Rule of Civil Procedure 60(b).

    Under Rule 60(b), a court may grant relief from a judgment under the particular circumstances listed in the rule. *Russell v. Delco Remy Div. of Gen. Motors*, 51 F.3d 746, 749 (7th Cir. 1995). Those are:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable due diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Relief from a judgment under Rule 60(b) is an "extraordinary remedy granted only in exceptional circumstances." *Rutledge v. United States*, 230 F.3d 1041, 1052 (7th Cir. 2000), cert. denied, 531 U.S. 1199 (2001).

First, the plaintiff argues that the court erred in granting summary judgment in favor of defendant Dr. Schettle, a dentist at Dodge Correctional Institution, because Dr. Schettle's decision that the plaintiff's denture repair could wait was such a substantial departure from the standard of care to which the plaintiff was entitled that it amounted to deliberate indifference. This is not a new argument; rather the plaintiff's persistence in disagreeing with Dr. Schettle's classification of his need for dentures.

Second, the plaintiff contends that defendants Jess and Delap took no steps to ensure that dental staff complied with policies and procedures until after this lawsuit was filed. He cites a policy that went into effect after the plaintiff's lawsuit was filed. However, a subsequent policy change does not mean that actions in accordance with the prior policy constituted deliberate indifference. It does not even

mean that actions that fail to comply with the new policy constitute deliberate indifference. Violations of policy are not *per se* constitutional violations.

Third, the plaintiff asserts that the court made a prejudicial error when it granted summary judgment in favor of defendants Farrey and Delap based on Dr. Schettle's dental classification. He maintains that DOC policy required the plaintiff to renew his request for dental service upon arrival at a new institution and that he did so when he arrived at New Lisbon Correctional Institution. He submits:

> The evidence establishes that this delay was not based on Defendant Schettle's dental classification but was the result of NLCI not having a staff dentist or supplies. There is no documentation that the visiting dentist classified Holton's condition as a routine dental need, in fact when she stated that she would repair the broken dentures this is the same as mandating the condition as needing treatment.

(Plaintiff's Brief, p. 14). Again, this argument does not mandate an alteration in the judgment. The plaintiff admits that he was seen by a visiting dentist within two weeks of arrival at NLCI. Moreover, he details the attention that was given to his dental problems and the fact that they worked to fix his dentures quickly. Such action does not constitute deliberate indifference. At summary judgment, the court considered the plaintiff's need for denture repair a serious dental need. Nonetheless, the court found that these defendants were not deliberately indifferent, that the defendant did not show harm from the delay in treatment, and that plaintiff himself may have exacerbated the delay in treatment.

Finally, the plaintiff contends that newly discovered evidence establishes that he suffered extreme physical and mental pain and suffering resulting from the six month delay of dental care. This evidence consists entirely of the plaintiff's own declaration. The plaintiff attempts to correct "deficiencies" in his earlier declarations and has submitted a new declaration detailing the pain he suffered from the broken dentures. Not only does the plaintiff's declaration not really say anything new, he cites documents and requests that were part of the record at summary judgment. Additionally, the court was not indicating to the plaintiff that there was a deficiency in his declaration that he could remedy. The plaintiff cannot go back and change the evidence by editing a declaration. The evidence now, as then, does not support the conclusion that the delay was detrimental to the plaintiff. After reciting the same evidence presented at the summary judgment stage, the plaintiff concludes: "As a result of the six month delay of providing adequate dental care I suffered long periods of extreme physical and mental pain and suffering." (Plaintiff's Declaration, p. 8). Merely saying something does not make it so. The underlying medical records and inmate complaints do not justify a finding that the delay caused harm.

In any event, even if the plaintiff had presented new information, there is no reason why it could not have been presented at summary judgment. The plaintiff "prays that he has shown excusable neglect," but that is not the standard under Rule 60(b)(2).

4

The plaintiff has not presented newly discovered evidence. Even if the court found that the plaintiff's current declaration contained additional evidence regarding pain he suffered during the delay in treatment, a declaration from the plaintiff about his own pain certainly could have been "discovered" earlier. Nor has the plaintiff presented any other reason for relief under Rule 60(b).

Accordingly,

**IT IS ORDERED** that the plaintiff's motion for relief from judgment (Docket #141) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 2nd day of March, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

5